## REISIG et al. v. GRAND THEATRE CO.

(Supreme Court, Appellate Term. December 7, 1904.)

1. CORPORATIONS—CONTRACTS—AUTHORITY OF DIRECTORS—EVIDENCE.

In an action against a theater company to recover for scenery furnished to it, it was competent for defendant to show, after a prima facie case made by plaintiff by showing a contract with certain of defendant's directors, and the delivery of the scenery at defendant's theater, and the subsequent use of it there, that at the time in question defendant was not in possession of the theater, and that the property was ordered by a separate company of actors giving performances there, of which the two directors who ordered the machinery were members, and that in giving the order they acted either for themselves or on behalf of the company of actors, and had no authority to make the contract for defendant, and that the same was never ratified by it.

Appeal from City Court of New York, Trial Term.

Action by Theodore Reisig and others against the Grand Theatre Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Charles L. Hoffman and Henry A. Friedman, for appellant.
William L. Snyder, for respondents.

FREEDMAN, P. J. The action is against the Grand Theatre Company, a domestic corporation, to recover for scenery furnished by plaintiffs to defendant, and for work, labor, and services in connection therewith. At the trial the plaintiffs produced evidence to show that the contract for this work was made with Mr. Finkel and Mr. Bernstein; that both are mentioned as directors in the certificate of defendant's incorporation; that in pursuance of such contract the plaintiffs delivered the materials at the theater of the defendant, where they were installed and subsequently used; and that Bernstein had executed with plaintiffs, on defendant's behalf, a prior contract, which had been fully performed and paid for. By the proof of these facts, in connection with others not necessary to be referred to in detail, the plaintiffs made out a prima facie case. But under its general denial the defendant had a right to meet it. No sufficient opportunity was afforded it to do this. It had a right, and it was competent for it, to show that after all there was neither authority in Finkel and Bernstein, nor subsequent ratification; that at the time in question it was not in possession of the theater; that the property was ordered and used by a separate and distinct company of actors giving performances there, of which Finkel and Bernstein were members; and that in giving the

order they acted either for themselves or on behalf of the said company of actors. All testimony offered on these points was excluded. This constituted reversible error.

The judgment and order should be reversed and a new trial ordered, with costs to appellant to abide the event. All concur.